Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

Plaintiff,

v.

HERIBERTO PEREZ RUIZ,

Defendant.

No. CR11-159RAJ

ORDER DENYING MOTION FOR REDUCTION OF SENTENCE

## I. INTRODUCTION

This matter comes before the court on Defendant Heriberto Perez Ruiz's *pro se* motion requesting a reduction in his sentence under 18 U.S.C. § 3582(c)(2), based on Amendments 782 and 788 to the United States Sentencing Guidelines ("USSG") (Dkt. #531). Plaintiff United States of America opposes the motion (Dkt. #538). The court has thoroughly considered the parties' briefing, the relevant record, and the applicable law. Being fully advised,[1] the court DENIES Mr. Perez Ruiz's motion for the reasons stated below.

## II. BACKGROUND

Defendant Heriberto Perez Ruiz was sentenced by this court on July 13 2012, following his plea of guilty to conspiracy to distribute controlled substances and conspiracy to engage in money laundering.

[1] No party has requested it, and the court finds oral argument to be unnecessary.

At the time of sentencing the court calculated Defendant's total offense level as 38, and then assessed a 2-point upward adjustment for possession of a firearm and an additional 2-point upward adjustment for money laundering. The court then applied a 2-point reduction for safety valve, a 3-point reduction for acceptance of responsibility, and a 2-point reduction for minor role in the offense. These adjustments brought Defendant's total offense level down to a Level 35. Because Defendant's starting base offense level was 38, and he received a minor role reduction, the court then applied an additional 4-point reduction, bringing the total offense level to 31. Because Defendant had a Criminal History Category I, the resulting Guidelines range was 108 to 135 months. This court then varied downward from that range on the basis of various 18 U.S.C. § 3553(a) factors and imposed a sentence of 96 months of imprisonment.

## III. DISCUSSION

### A. Legal Standard

Amendment 782 to the United States Sentencing Guidelines, which became effective November 1, 2014, lowered the penalties for most drug offenses by reducing most base offense levels contained in the USSG § 2D1.1 Drug Quantity Table by two levels, and making other related adjustments to this Guideline. Along with Amendment 782, the Sentencing Commission adopted Amendment 788, which decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates. At issue in the instant motion is whether this Court has authority to reduce Defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2).

In order to qualify for a sentence reduction under 18 U.S.C. § 3582(c)(2), two conditions must be met: (1) the Defendant must have been sentenced to a term of imprisonment based on a sentencing range that has been lowered by a retroactively applicable Guidelines amendment; and (2) the sentence reduction sought must be consistent with the Sentencing Commission's applicable policy statements. *United States v. Waters*, 771 F.3d 679, 680 (9th Cir. 2014) (per curiam). A district court

does not have jurisdiction to reduce the Defendant's sentence unless both criteria are met. *See United States v. Wesson*, 583 F.3d 728, 730 (9th Cir. 2009).

**B. Defendant's Motion**

Under the retroactively effective amendments to USSG § 2D1.1, Defendant's base offense level would be reduced by two levels, from Level 38 to Level 36. Applying all of the same Guidelines decisions, this results in an amended total offense level of 30. The net reduction is only one offense level, rather than two, because the new base offense level of 36 is eligible only for an offense level discount of three levels (whereas, the higher original base offense level of 38 was eligible for a discount of four levels). *See* USSG § 2D1.1(a)(5)(B)(ii). This in turn results in an amended Guideline range of 97 to 121 months as the range that would be applicable today. Because the sentence already imposed (96 months) is below the low end of the range as calculated applying the amended Guidelines (97 months), the policy statement precludes any reduction in sentence. As such, this Court lacks jurisdiction to reduce Defendant's sentence.

## IV. CONCLUSION

Because the sentence that Defendant is serving is already below the low end of the applicable sentencing range as calculated applying the amendments to USSG § 2D1.1, Defendant is ineligible for a reduction in sentence under 18 U.S.C. 3582(c)(2). Therefore, Defendant Heriberto Perez Ruiz's *pro se* Motion to Reduce Sentence (Dkt. #531) is DENIED.

DATED this 9th day of December, 2015.

The Honorable Richard A. Jones
United States District Judge